IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

ABEL GONZALES,                           Cause No. CV 05-137-M-DWM-JCL

       Petitioner,

  vs.                                    FINDINGS AND RECOMMENDATION
                                   OF U.S. MAGISTRATE JUDGE
MIKE MAHONEY,

       Respondent.

_____

     Petitioner Abel Gonzales filed this action for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254 on August 19, 2005.
Gonzales is a state prisoner proceeding pro se.

     On May 26, 2006, United States Magistrate Judge Leif B.
Erickson ordered Gonzales to show cause why his petition should not
be dismissed for failure to comply with the federal statute of
limitations.  Gonzales responded on July 3, 2006.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

**I. Background**

Gonzales was convicted of three counts of robbery and two counts of aggravated burglary in Montana's Eleventh Judicial District Court, Flathead County. He was sentenced to serve 120 years, of which 40 were suspended. Judgment was entered on December 6, 1998. *See* Pet. (doc. 1) at 2-3, ¶¶ 1-4. Gonzales states that he tried to appeal, but the appeal was dismissed as frivolous. *Id.* at 2, ¶ 8; Order at ¶ 8, *Gonzales v. State*, No. 03-742 (Mont. Aug. 18, 2004). The dismissal occurred on November 27, 2001, after his counsel moved to withdraw and filed an *Anders* brief.[1] *See* Appellant's Br. at 3, *Gonzales*, No. 03-742 (Mont. Feb. 23, 2004).

On or about September 6, 2002, Gonzales filed a petition for postconviction relief. *Id.* On September 2, 2003, the trial court denied the petition, and the Montana Supreme Court affirmed on August 18, 2004. *See* Order at ¶ 20, *Gonzales*, No. 03-742 (Mont. Aug. 18, 2004).

Gonzales filed a second petition for postconviction relief in state court. The records of the Eleventh Judicial District Court show that the second petition for postconviction relief and motion to withdraw guilty plea was filed on August 17, 2005. Gonzales filed a notice of appeal from the trial court's denial of that

---

[1]  *See generally Anders v. California*, 386 U.S. 738 (1967).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

petition on or about July 10, 2006. *See* Supplement (doc. 4) at 2.

Pursuant to the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270-71 (1988), Gonzales filed his petition in this Court on August 17, 2005. *See* Pet. at 8, ¶ C.

## II. Analysis

Judge Erickson explained that the conviction in Gonzales' case became "final" ninety days after the Montana Supreme Court dismissed his direct appeal, or on February 25, 2002. *See* 28 U.S.C. § 2244(d)(1)(A). Thus, Gonzales had one year from that date, or until February 25, 2003, to file his habeas petition in this Court.

Time is tolled while "a properly filed application for State post-conviction or other collateral relief ... is pending." 28 U.S.C. § 2244(d)(2). Gonzales did not file his state postconviction petition until September 6, 2002. By that time, 192 days had already run against Gonzales' time to file his federal petition. When the Montana Supreme Court affirmed the trial court's dismissal of the first postconviction petition on August 18, 2004, Gonzales had 173 days left before his time to file his federal petition would expire. Therefore, he should have filed his federal petition on or before February 7, 2005. Time was not tolled again under the statute until Gonzales filed his second petition for postconviction relief in the trial court on August 17, 2005 - the same day on which he filed in this Court, more than six

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

months too late.

Pursuant to Judge Erickson's Order and *Herbst v. Cook*, 260 F.3d 1039, 1042-43 (9th Cir. 2001), Gonzales was given an opportunity to show an equitable basis for tolling the federal limitations period. To be entitled to equitable tolling, Gonzales must show that extraordinary circumstances beyond his control made it impossible for him to file his federal petition on time. *See Calderon v. United States Dist. Court* ("*Beeler*"), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (internal quotation omitted), *overruled on other grounds by Calderon v. United States Dist. Court* ("*Kelly IV*"), 163 F.3d 530 (9th Cir. 1998) (en banc). Equitable tolling "will not be available in most cases" and poses a "high hurdle" for a petitioner to overcome. *Id.* Gonzales, as the petitioner, has the burden of proving that he is entitled to equitable tolling. *See, e.g., Smith v. Duncan*, 274 F.3d 1245, 1250 (9th Cir. 2001) (citing *Hinton v. Pacific Enters.*, 5 F.3d 391, 395 (9th Cir. 1993), and *Herbst*, 260 F.3d at 1041-42).

Gonzales responded[2] to Judge Erickson's Order by explaining that he has extremely limited access to legal resources as a prisoner and that his knowledge of the law is also extremely limited. While the Court understands his situation, it is not an unusual one. He does not say that he lacked all resources or was

---

[2] Oddly, the first page of Gonzales' response is numbered 15. The complete response is four pages long.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

unable to discover the one-year federal limitations period. He states that he "has been led to believe that a petition of Writ of Habeas Corpus must be filed within 1 year of the date conviction becomes final through the exhaustion of state remedies in general." That understanding, however, is incorrect.

The statute says that a conviction becomes final "by the conclusion of *direct review* or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). Postconviction relief is not direct review; it is collateral review. The statute also says that time is tolled for state procedures while a petition is *pending* in state court, *id.* § 2244(d)(2), not during the period when a petition could be filed. *See, e.g., Carey v. Saffold*, 536 U.S. 214, 219-21 (2002); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("the statute of limitations is tolled *from the time the first state ... petition is filed* until the [highest state court] rejects the petitioner's final collateral challenge.") (emphasis added). Consequently, when a Montana prisoner waits for 364 days before filing a state postconviction petition, he has only 1 day to file his federal habeas petition after the Montana Supreme Court renders its decision on the state postconviction petition. The federal limitations period does not require a state prisoner to abandon his state remedies; on the contrary, time is tolled while a properly filed state petition is pending. When such a petition is not

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

pending, however, the federal limitations period runs parallel to any state limitations period.

If the rule were otherwise, Montana prisoners would have considerably less time than prisoners in other states to file in federal court. For example, in Oregon, a postconviction petition may be filed in state court at any time within two years after a conviction becomes final. Ferguson, an Oregon prisoner whose conviction became final on August 4, 1995, timely filed his state petition on July 29, 1997. The Oregon Supreme Court affirmed denial of his state petition on January 18, 2000.[3] Ferguson filed his federal petition five months later. Despite the passage of only five months after completion of state postconviction review, Ferguson's federal petition was untimely because it was filed more than one year after his conviction became final. Time was not tolled under 28 U.S.C. § 2244(d)(2) until Ferguson filed his state postconviction petition, and that was already more than eleven months too late. *See Ferguson v. Palmateer*, 321 F.3d 820, 822-23 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed."). If the federal limitations period did not commence until state procedures were exhausted, it could not be

---

[3]   Actually, discretionary review was denied, but the legal effect of the decision to deny review was the same as if the court had affirmed denial of relief.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

uniformly applied in all states.

The Court agrees with Gonzales that his first state postconviction petition did not violate any state filing deadlines. Nonetheless, he violated the federal deadline. He has not offered a basis for equitable tolling of the federal limitations period. His petition is untimely and must be dismissed with prejudice.[4]

## III. Certificate of Appealability

### A. Governing Standards

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of
> a federal right a petitioner ... "must demonstrate that
> the issues are debatable among jurists of reason; that
> the issues [in a different manner];
> or that the questions are 'adequate to deserve

---

[4] The Court is aware that the United States Supreme Court may decide that the federal statute is tolled for an additional ninety-day period following the highest state court's denial of postconviction relief, because the petitioner might seek a writ of certiorari from the United States Supreme Court. See Lawrence v. Florida, No. 05-8820 (U.S. oral argument held Oct. 31, 2006). However, in this case, even if there were an additional ninety-day tolling period after the Montana Supreme Court's decision of August 18, 2004, Gonzales' federal petition would still be untimely by more than three months.

encouragement to proceed further.'"

*Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Thus, a petitioner may obtain a COA even if he does not establish that he will prevail on the merits. The COA inquiry seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. *Lambright*, 220 F.3d at 1025. Any doubt as to whether a petitioner has met the standard is resolved in his favor. *Id.*

Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Lambright*, 220 F.3d at 1026 (quoting *Slack*, 529 U.S. at 484).

Finally, the COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1) (emphasis added). The Court need not explain why a certificate *should* issue. *Id.*

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8

## B. Discussion

Gonzales was given an opportunity to show why the federal statute of limitations should be equitably tolled. He failed to do so. This case is squarely controlled by the reasoning of *Ferguson*. Short of initiating a sea change in the law, reasonable jurists could not find that Gonzales is entitled to equitable tolling. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Gonzales' Petition (doc. 1) should be DISMISSED WITH PREJUDICE as untimely. A certificate of appealability should be DENIED and the Clerk of Court should be directed immediately to process the appeal if Gonzales chooses to file a notice of appeal.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[5] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

---

[5] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9

Gonzales must immediately inform the Court of any change in his mailing address while his case remains pending.

DATED this 22nd day of November, 2006.

Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 10